

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BONNIE SIERMINSKI,  Case No. 96-7402-CIV-ROETTGER

Plaintiff,  **ORDER ON MOTION FOR SUMMARY JUDGMENT**

v.

TRANSOUTH FINANCIAL
CORPORATION,

Defendant.
_____/

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment. Upon consideration of the motion and the record in this cause, the Court finds as follows.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing, by reference to materials on record, that there are no genuine issues of material fact to be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 320 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991.) A moving party may discharge this burden by exposing an absence of evidence to support the nonmoving party's

1

case. <u>Celotex</u>, 477 U.S. at 325.

If a moving party satisfies this burden, the nonmoving party may not rest upon mere allegations, but must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," establish that a genuine issue of fact remains for trial. <u>Id</u>. at 324. A "genuine" dispute as to a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

The court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). If the record presents issues of material fact, the court must deny the motion. <u>Id</u>.

**PERTINENT FACTS**

Plaintiff worked for Defendant Transouth, from June, 1994 to October, 1996. In February, 1995 she became a Customer Service Representative. At her new position, her workload was heavy, and her relationship with her supervisor, the branch manager, Bob Rogers, deteriorated as the months passed. A large backlog of title work developed in the branch. Meanwhile, Plaintiff became aware that Rogers was notarizing documents with an expired seal, and that other documents were being notarized without witness signatures. Plaintiff complained about the

2

notary problem over the phone in January, 1996 to the Director of Human Resources. Later, in March, 1996, Plaintiff submitted written notice of the illegality to the Area Manager, Bob Martinez. In the wake of Plaintiff's formal written complaint, Bob Rogers was demoted. Plaintiff's job remained unchanged. A new branch manger, Brian Belcher, took over the following month, in April. In the upheaval, Martinez saddled Plaintiff with the task of straightening out the vast mess Bob Rogers had left. Plaintiff was not able to accomplish much, and she soon came under heavy criticism for not bringing the branch's backlog of title work under control. She received many write-ups and reprimands. The supervisors were blaming her for the branch's disrepair, while Plaintiff insisted that the enormous title problem was a result of the incompetent work of Bob Rogers. On October 31, 1996, Plaintiff was fired.

Plaintiff filed suit in state court under Florida's Whistle Blower's Act, Chapter 448.102, Florida Statutes, alleging she was terminated in retaliation for objecting to the illegal notary practices in her branch. Defendant removed the case on December 10, 1996, basing removal upon this Court's diversity jurisdiction under 28 U.S.C. §1332.

**WHISTLE BLOWER'S ACT**

Under the Whistle Blower's Act, Fla. Stat. Ch. 448.102(3), "An employer may not take retaliatory action against an employee because the employee has . . . (3) Objected to, or

3

refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." As grounds for recovery under this section, Plaintiff contends that she was fired because she complained of the notary violations.

The Court notes that while sitting in diversity jurisdiction, it is to apply substantive state law to Plaintiff's lone claim. See Erie R. Co. v. Tomkins, 304 U.S. 64, 78 (1938). Interestingly, there is a dearth of interpretive Florida law on Ch. 448.102. Certain elements of a retaliation claim under this section have been discussed. See Jenkins v. Golf Channel, 714 So.2d 558, 563 (5th DCA 1998). For one, the employee must notify the employer about the alleged illegal act. Much of the scant case law addresses what qualifies as adequate notice. See id. However, there has been no discussion of what standard applies to the necessary causal link between the alleged retaliatory action and the objection to illegality.[1] As mentioned, the language of Ch. 448.102(3) requires that the retaliatory action take place

---

[1] Conversely, with respect to the federal analogue to the Whistle Blower's Act, Title VII, the causal requirement for a retaliation claim has been well established. A Plaintiff only needs to prove initially that the protected activity and the negative employment action are not completely unrelated. See, e.g., Olmsted v. Taco Bell, 141 F.3d 1457, 1460 (11th Cir. 1998). Once plaintiff establishes a prima facie case, the burden shifts to the defendant to proffer a legitimate reason for the adverse action. Id. The burden then goes back to plaintiff to prove by a preponderance of the evidence that the "legitimate" reason is merely pretext for prohibited, retaliatory conduct. Id. However, the Court, mindful of Erie's directives against creating a Federal common law in diversity cases, is reluctant to foist this elaborate burden shifting scheme on Florida's Whistle Blower's Act where the Florida courts have remained silent on causality. On the other hand, these federal standards may still be useful as guidelines.

4

"because" an employee objected to an illegality. The causality requirement inheres in the word "because." In this case, it is undisputed that Plaintiff notified Defendant of an illegality, and that Plaintiff was fired. The issue on summary judgment is whether there is a sufficient causal link between her termination and her objection.

### CAUSAL LINK

On its face, Plaintiff theory looks sketchy. For one, she formally complained of the notary violations in March, 1996. It is clear that her complaint helped lead to Bob Rogers' demotion. But Plaintiff's job remained the same. Defendant did not terminate her until over seven months later. Moreover, the record is teeming with reasons for her termination which have nothing to do with her complaint. The causal chain seems to be this: Plaintiff complained of illegal notary activity, which helped trigger the demotion of Rogers, which in turn focused responsibility on her for cleaning up her branch's title problem, which she could not handle very well, which led to her termination. All told, the Court finds that this chain, linking Plaintiff's complaint of illegality with her termination, took too long to develop and is too indirect to satisfy the causality requirement inherent in Ch. 448.102(3).

Even under Title VII's liberal prima facie causal link

standard[2], whereby causation is established upon a showing that the protected activity and the employment action are not completely unrelated, the Court finds the evidence in the record falls short of demonstrating a factual issue surrounding the necessary causal link.

Nevertheless, even if one assumes this causal link, extrapolating out the Title VII burden shifting scheme, Defendant has satisfied its burden with significant evidence that Plaintiff was fired as a result of the branch's disrepair and the consequent friction between her and management. As the burden shifts back, Plaintiff must show that these legitimate reasons for termination are pretextual. It strains the imagination to believe that the heart of Plaintiff's demise lies not in the branch's rampant disorganization and incompetence, but in Plaintiff's objection, over seven months prior to termination, to the illegal notary practices. The record indicates the opposite to be true.

For the foregoing reasons, then, the Court finds that no reasonable jury could, in light of the record, find for Plaintiff under the Whistle blower's Act.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's motion for summary judgment is **GRANTED**. Judgment is hereby entered in favor of Defendant and against Plaintiff.

---

[2] See supra, n. 1.

6

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is directed to close this case. All pending motions are hereby **DENIED** as moot.

The parties are further notified, in light of today's ruling, that this case will be removed from the February 15, 1999 calender.

**DONE AND ORDERED** this _10_ day of _Feb._, 1999.

_____
NORMAN C. ROETTGER
**UNITED STATES DISTRICT COURT JUDGE**

cc: Richard D Tuschman
 Andrew Kennedy
 J. Lewis Sapp
 Kelly Michael Hundley
 G. Ware Cornell